The opinion of the Court was read as drawn up by
Parker C. J.
The merits of this appeal depend upon the question, whether the mother of Darius Ely, he being a bastard, was, within the meaning of our statute of distributions, his next of kin ; for if she succeeded to his estate on his death, the two appellants, being her sisters, would of course take the whole between them, either as heirs of their sister Sybil, or through her as next of kin to the intestate.
It is not shown nor contended, that by the common law their claim can be maintained, for there seems to be no maxim of that law less questionable, than that a bastard is filius nullius. I do not know that it makes any difference whether the person claiming to succeed to a bastard be father or mother ; there certainly is no express distinction of that sort. Whatever may be the grounds or policy of the law, they seem to apply as well to the mother as the father, .except that there is greater certainty of the mother than of the father ; but if it were the certainty only which originated this law, it might be supposed that it would have been left to depend upon proof of the fact, for in many cases the true father might be found with sufficient certainty. No doubt the law was so established on higher principles than the interest of individuals. It was to render odious illicit commerce between the sexes, and to stamp disgrace on the fruits of it; and though the punishment usually falls upon the innocent, yet it was thought wise to prohibit them from tracing their birth to a source which is deemed criminal by law and by religion. It is enough that those who have been the authors of this misfortune have the power to repair it by will or by gift; the law will not interpose. And if it will not for the benefit of the child, the only innocent party, surely it will not allow the guilty to found a claim of property, upon a relation to the child whom they have exposed to these disabilities and privations. Our statute of distributions, though borrowed from the civil law, cannot be construed to have repealed the com *99 mon law in this respect. It merely provides for the distributian of property according to the rules of that law, among lawful kindred, without adopting its principles in settling who shall compose that kindred.
It is by the grace and favor only of the legislature that the appellants are entitled to any thing, and they ought to be content to share a gift with others according to the will of the donor.
It was stated on the argument of this case, that the Supreme Court of Connecticut had decided that an illegitimate child might inherit the lands of his mother. The case referred to had not then appeared in the printed Reports, but we have seen it since in the 5th volume of Connecticut Reports. It is the case of Heath et ux. v. White. In the opinion of the court, as expressed by Chief Justice Hosmer, the statute provision for descent of intestate estates controlled the common law, which it was admitted would not support such an inheritance, and considerable stress is laid upon the term children, as used in the statute instead of lawful issue or other more technical words of the common law. With the greatest respect for those learned judges, we are not able to idopt the opinion that our legislature, in using the same term n our statute of descents and distributions, intended to apply the term to those who by the common law were not deemed children in a relative sense to parents ; but we should think, .f such had been their intention, an express provision would have been made for illegitimates. Nor do we see any particular reason for giving this construction of the term children in relation to the estate of the mother, any more than to that of the father ; for although- the filial relation is more difficult of proof in the latter than in the former case, yet it is capable of proof, and there seems to be no other difference in the cases.
It is intimated in the case referred to, that the legislature of Connecticut probably intended to adopt the principle of the civil law on this subject; but we are satisfied that such was not the intention of the legislature of Massachusetts.
They followed the English statute of distributions in regard to persona] estate, and applied it to real estate as well as per *100 sonal, without any design to deviate from the common law any further than is expressly provided by the statute. And it may be remarked, that in the statute of Charles the word children is used as in the Connecticut and Massachusetts statutes, but that illegitimate children do not in England inherit or participate in the distribution. Mr. Justice Bristol dissented from the opinion of the court, in the case upon which we have been commenting.[1]

 See 4 Kent’s Comm. (3d ed.) 413, 414 and n (c). In Vermont one ille gitimate child can inherit to another illegitimate child of the same mother Burlington v. Fosby, 6 Vermont R. 83.